UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
JOSEPH VOGT

                        Plaintiff,                12-CV-6411

       v.                                           **DECISION AND ORDER**

ROCHESTER CITY SCHOOL DISTRICT,

                        Defendant,
_____

## INTRODUCTION

Plaintiff, Joseph Vogt ("Plaintiff"), brings this action pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12201 *et seq.* ("ADA"), alleging that his former employer, the Rochester City School District (the "District"), discriminated against him on the basis of his alleged disabilities, severe attention deficit hyperactivity disorder ("ADHD") and a reading disability. The District moves to dismiss the complaint contending that Plaintiff has not set forth a plausible claim to relief. Plaintiff has not opposed the motion.[1] For the reasons discussed herein, the Court grants the District's motion to dismiss.

## BACKGROUND

The following facts are taken from the complaint. (Docket No.

---

[1] Plaintiff was originally represented by Christina A. Agola, whose representation was officially terminated by an Order dated November 21, 2013, after Ms. Agola was suspended from the practice of law on September 13, 2013. (Docket No. 18.) Ms. Agola had requested an extension of time to file response papers to the instant motion, but failed to do so before she was suspended. Plaintiff is now proceeding *pro se*, and has not requested any additional time to respond to the motion. However, as the Court considers only the allegations in the complaint on a motion to dismiss, Plaintiff's response is not necessary for the Court to fairly consider the motion.

1

1.) Plaintiff was employed as a physical education teacher by the District from 2002 through June 2011. Plaintiff was diagnosed as a child with severe ADHD and a reading disability, of which the District has been aware since 2004. During the course of his employment, Plaintiff took a leave of absence to take and pass the CST, a certification exam required for New York State Teachers. Plaintiff was asked to resign when his leave of absence expired prior to his passing the CST exam. Plaintiff resigned on September 19, 2005, under the condition that he would be rehired into the next available probationary PE position. After passing the CST exam, Plaintiff was rehired to a full-time PE position on October 30, 2006. Plaintiff alleges that another full-time PE teacher was hired on August 20, 2006, even though he had been promised the next probationary position.

Plaintiff, although still employed by the District, was transferred to a different school in June 2009. Then, in June 2011, Plaintiff was terminated from his position. Plaintiff states that he "was terminated despite his seniority," that the District "had no legitimate reason to terminate him," and that the District "terminated Plaintiff on the basis of his disability." Based on these facts, Plaintiff alleges that he was terminated in violation of the ADA.

## DISCUSSION

In reviewing a motion to dismiss pursuant to Federal Rule of

2

Civil Procedure 12(b)(6), the Court must accept the factual allegations set forth in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir.2007); Cleveland v. Caplaw Enters., 448 F.3d 518, 521 (2d Cir.2006). The plaintiff must satisfy "a flexible 'plausibility standard.'" See Iqbal v. Hasty, 490 F.3d 143, 157 (2d Cir.2007). A claim that is not plausible on its face must be "supported by an allegation of some subsidiary facts to survive a motion to dismiss." See Benzman v. Whitman, 523 F.3d 119, 129 (2d Cir.2008). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1969 (2007). The Court, therefore, does not require "heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." See id. at 1974. However, the court may disregard a plaintiff's "legal conclusions, deductions or opinions couched as factual allegations." See, e.g., In re NYSE Specialists Sec. Litig., 503 F.3d 89, 95 (2d Cir.2007) (citation omitted).

To state a prima facie case of discrimination under the ADA, a plaintiff must allege facts showing that (1) he is an individual with a disability within the meaning of the ADA, (2) the District is subject to the requirements of the ADA, and (3) that the District discriminated against him because of his disability. See

3

Henrietta D. V. Bloomberg, 331 F.3d 261, 272 (2d Cir. 2003). Defendant contends that while Plaintiff alleges that he was diagnosed with ADHD and a reading disability as a child, he does not allege how his disability affected his ability to function in the workplace. Further, the District contends that Plaintiff has not presented facts from which the court could plausibly infer that the District was aware of his disability. Lastly, the District contends that Plaintiff's conclusory statement that he was terminated on the basis of his disability is insufficient to plausibly state a claim for discrimination under the ADA. Def. Mem. of Law at 4-6.

Even assuming that Plaintiff's disability qualifies under the ADA and that the District was aware of Plaintiff's disability, Plaintiff has alleged no facts, other than his own concluory statements, from which the Court could infer that he was terminated because of his disability. Plaintiff conclusively states that he "was terminated despite his seniority and above average job performance," the District "had no legitimate reason to terminate the Plaintiff," the District "terminated Plaintiff on the basis of his disability," and "any other reason proffered by the [District] is pretextual." Compl. ¶¶ 30-33. Plaintiff offers no facts to support these conclusions, for example, that he was treated differently than other, non-disabled workers, or that he was subjected to other discriminatory treatment related to his

disability.  Plaintiff alleges that in 2005 he was asked to resign when his leave of absence ended before he passed his certification examination and that another full-time PE teacher was hired before him in late 2006, when he was promised the first probationary PE teaching position.  However, Plaintiff does not allege how the District's actions are related to his disability or his ultimate termination in 2011.  Plaintiff's was rehired after he passed the certification examination and he does not allege that any other PE teacher was treated differently and was similarly situated in all material respects. See Graham v. Long Island R.R., 230 F.3d 34, 39-40 (2d Cir. 2000).  While the standard for setting forth a prima facie case of discrimination is not high, the Court "cannot infer discrimination from thin air." Lizardo v. Denny's, Inc., 270 F.3d 94, 104 (2d Cir. 2001).  Accordingly, the Court finds that Plaintiff has not set forth a plausible claim to relief and Plaintiff's complaint is dismissed.

## CONCLUSION

For the reasons discussed herein, this Court grants the District's motion to dismiss.  Plaintiff's complaint is dismissed without prejudice.

**ALL OF THE ABOVE IS SO ORDERED.**

    S/ MICHAEL A. TELESCA
    HON. MICHAEL A. TELESCA
    United States District Judge

Dated:    Rochester, New York
          November 25, 2013